**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Arce-Mendez, et al., | No. CV 05-3857-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Eagle Produce Partnership, Inc.; Phoenix Agro Inc.; SAM Management, Inc.; Arthur Martori; Susan Lois Martori; Ricardo Reyna, | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 54(d)(1) and (2), Defendants Eagle Produce Partnership, Inc., Phoenix Agro Inc., SAM Management, Inc., Arthur Martori and Susan Lois Martori ("Defendants") seek attorneys' fees and costs incurred in the defense of the above-captioned action. (Doc. #182 and 187.) Defendants maintain that they are entitled to their fees and costs as the prevailing party on several of the claims brought by Plaintiffs. Plaintiffs oppose both the Motion for Attorneys' Fees as well as Defendants' Request for the Court to Order the Taxation of Costs. (Doc. # 184 and 188.) Plaintiffs have also moved for Rule 11 sanctions against Defendants in connection with their application for costs which Plaintiffs maintain is "frivolous." The Court now rules on those Motions.

## I. FACTUAL BACKGROUND

Plaintiffs Antonio Arce-Mendez, Manual Canez-Santana, Porfirio Duran, Tiburcio Espinoza-Urias, Carlos Negrete-Guerrero, Everardo Piminenta-Benitez, Everardo Pimienta-Inzunza, and Ramon Salazar-Lopez ("Plaintiffs") are eight migrant farm workers who filed the present action. Plaintiffs alleged various claims related to their employment as watermelon cutters during the 2002, 2003, 2004, and 2005 watermelon seasons.

On March 6, 2008, this Court granted in part and denied in part Defendant's Motion for Summary Judgment. (Doc. #160.) The Court granted summary judgment on all of Plaintiffs' claims against SAM Management; all of Plaintiffs' claims against Phoenix Agro, Arthur Martori, and Susan Lois Martori with the exception of claims alleging housing violations under the Migrant and Seasonal Agricultural Worker Protection Act ("MSPA"); Plaintiffs' claims for fraudulent misrepresentation, intentional infliction of emotional distress, and negligence against Eagle Produce; Plaintiff's MSPA claims for failure to license, register, and insure certain vehicles pursuant to 29 U.S.C. § 1841(b)(1) and (10); and Plaintiffs' ARLTA, AWPL, and breach of contract claims against Eagle Produce for the 2002-2004 watermelon seasons. (Id.)

On May 5, 2008, the parties filed a Notice of Settlement of Remaining Claims and Request to Vacate Trial Date. (Doc. #175.) Plaintiffs and Eagle Produce Partnership, Inc., Phoenix Agro Inc., Arthur Martori and Susan Lois Martori entered into a settlement agreement and release of the claims that remained after the Court granted partial summary judgment. On May 9, 2008, the parties submitted a Stipulation to Dismiss Plaintiffs' Remaining Claims With Prejudice. (Doc. #178.)

Defendants thereafter filed a Motion for Attorneys' Fees and Costs on May 16, 2008 (Doc. #182) and submitted a Bill of Costs to the Clerk on May, 19, 2008 (Doc. #183). The Clerk denied all costs citing LR Civ 54.1(d). (Doc. #185.) Defendants subsequently requested that this Court order the Clerk to withdraw its June 13, 2008 Taxation of Costs Order denying costs and reissue an order "properly taxing costs in favor of Defendants." (Doc. #187.) Plaintiffs oppose that Motion as well as Defendants' Motion for Attorneys'

Fees and have moved for sanctions against Defendants' attorneys' for the "frivolous and repeated Motions made requesting costs." (Doc. # 184, 188, and 190.)

## II.    LEGAL STANDARD AND ANALYSIS

### A.    COSTS

In addition to seeking attorneys' fees, Defendants seek costs as to those claims on which this Court granted summary judgment. Defendants maintain that they are entitled to such costs as the prevailing party on those claims . Defendants cite LR Civ 54.1(d) which provides:

> (d) Prevailing Party Entitlement to Costs.  The party entitled to costs shall be the prevailing party. Generally, a party in whose favor judgment is rendered is the prevailing party. *The prevailing party need not succeed on every issue to be entitled to costs.  Upon entry of judgment on a motion for summary judgment, the party requesting the summary judgment is the prevailing party.* The Court will not determine the party entitled to costs in *actions* terminated by settlement; parties must reach agreement on taxation of costs, or bear own costs.

(Doc. #187, emphasis added.) In support of their position, Defendants point specifically to the portion of the rule stating, "The prevailing party need not succeed on every issue to be entitled to costs. Upon entry of judgment on a motion for summary judgment, the party requesting the summary judgment is the prevailing party." Arguing that they were successful on numerous causes of action for which they requested summary judgment, Defendants maintain that they are entitled to the costs they incurred in defending those causes of action.

Opposing Defendants' request for costs, Plaintiffs assert that the Defendants' request for costs is expressly prohibited by the local rules. Specifically, Plaintiffs cite to the portion of LR Civ 54.1(d) which states: "[t]he Court will not determine the party entitled to costs in actions terminated by settlement; parties must reach agreement on taxation of costs, or bear own costs." Plaintiffs argue that, although some claims were terminated by summary judgment, Defendants did not obtain a judgment on those claims.

The Court agrees with Plaintiffs and the Clerk that Defendants are not entitled to costs in this matter. In order to recover costs, a party must have a final judgment. LR Civ 54.1(d)

- 3 -

1  states specifically that the party requesting summary judgment will be considered the
2  prevailing party "upon entry of judgment on a motion for summary judgment." No such
3  judgment, however, has been entered here. Indeed, this Court actually denied Defendants'
4  May 9, 2008 Motion for Judgment (Doc. #177) on the claims dismissed by the Court in its
5  March 6, 2008 Order ruling on Defendants' Motion for Summary Judgment. As Plaintiffs
6  correctly note, the only final judgment entered in this case was on May 12, 2008, dismissing
7  the remaining claims pursuant to the parties' settlement and stipulation. Because this action
8  was, therefore, terminated by settlement, the Court cannot award costs to Defendants.

9  **B.   ATTORNEYS' FEES**

10  The same analysis essentially applies to Defendants' request for fees. In its Motion
11  for fees, Defendants assert that they are entitled, as the prevailing party in an action arising
12  out of contract and under the Arizona Residential Landlord and Tenant Act, to two-fifths of
13  the entire fees they incurred. Defendants arrive at this two-fifths figure by calculating
14  themselves as the prevailing party on a majority of claims in two of the five categories of
15  claims at issue in this case. (Motion, Doc. # 182, p. 7-8.)

16  LR Civ 54.2(b)(1)(A) requires a party moving for attorney's fees to identify the
17  "applicable judgment and the statutory or contractual authority entitling the party to the
18  award." Here, Defendants identify A.R.S. §§ 12-341 and 12-341.01 and the Arizona
19  Residential Landlord and Tenant Act, A.R.S. § 33-1301, as the statutory bases for the fee
20  award. Defendants identify the applicable judgment as the Court's May 11, 2008 Order.
21  Defendants assert that, in that Order, "the Clerk entered Judgment consistent with the Court's
22  prior Order dated March 6, 2008, granting partial summary judgment in favor of Defendants,
23  as well as dismissing Plaintiffs' claims set for trial." (Motion, Doc. #182, p. 3.)

24  Defendants' characterization of that Judgment for purposes of its fee motion, however,
25  is simply not accurate. First, this Court did not issue any orders in this matter on May 11,
26  2008. Furthermore and more importantly, however, the May 12, 2008 Order to which
27  Defendants presumably refer, is not a judgment on the claims dismissed by the Court
28  pursuant to Defendants' Motion for Summary Judgment. Rather, it is a judgment based on

- 4 -

1   the parties' settlement and stipulation to dismiss with prejudice. Defendants attempt to
2   sidestep this issue by quoting language from the Court's electronic filing docket in its Reply.
3   (Reply, Doc. #186, p. 2.) That docket entry states:

> Clerk's Judgment in favor of Eagle Produce Partnership, Inc., Phoenix Agro Invest, Inc., SAM Management Inc., Arthur Martori, Ricardo Reyna, Susan Lois Martori against Antonio Arce-Mendez, Carlos Negrette-Guerrero, Everardo Piminenta-Benitez, Everardo Pimienta-Inzunza, Manual Canez-Santana, Porfirio Duran, Ramon Salazar-Lopez, and Tiburcio Espinoza-Urias; that pursuant to the Court's order filed May 12, 2008, the Plaintiffs' remaining claims for alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act, the Arizona Wage Payment Act, the Arizona Residential Landlord Tenant Act, and claims for breach of contract are hereby dismissed with prejudice. This case is terminated.

11       Such language, however, is not the actual Judgment but merely a summary of the
12  Judgment that appears in the electronic filing docket, and an inaccurate summary at that. The
13  substance of the Clerk's Judgment does not find in favor of Defendants but states merely:

> IT IS ORDERED AND ADJUDGED that pursuant to the Court's order filed May 12, 2008, the Plaintiffs [sic] remaining claims for alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act, the Arizona Wage Payment Act, the Arizona Residential Landlord Tenant Act, and claims for Breach of Contract are hereby dismissed with prejudice. This case is terminated.

18  (Doc. #181.) This is equally true of the Court's May 12, 2008 Order that directed the Clerk
19  to enter Judgment and which states, "Pursuant to the stipulation of the parties, IT IS
20  ORDERED that Plaintiffs' remaining claims for alleged violations of the Migrant and
21  Seasonal Agricultural Worker Protection Act, that Arizona Wage Payment Act, the Arizona
22  Residential Landlord Tenant Act, and claims for breach of contract are hereby dismissed with
23  prejudice. The Clerk of the Court shall enter judgment accordingly and close this case."
24  (Doc. # 180, footnote omitted.) Moreover, in that same May 12, 2008 Order, and as
25  Defendants are certainly aware, this Court denied Defendants' Motion for Entry of Judgment
26  as to the claims resolved by the Court's March 6, 2008 Summary Judgment Order. Given
27  the above, this Court concludes that there is no judgment on the breach of contract or
28  ARLTA claims that would entitle Defendants to attorneys' fees.

Additionally, the Court declines to award Defendants attorneys' fees for a separate and independent reason. Even assuming that Defendants could demonstrate that they were the successful party eligible for attorneys' fees under A.R.S. § 12-341.01(a) and ARLTA, A.R.S. § 33-1301, the Court must still determine whether an award of attorneys' fees would be appropriate in this case. The Court concludes that it is not.

The trial court has discretion when determining whether to award attorney's fees and must determine whether such an award would be appropriate. *See Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1183 (Ariz. 1985). The court in *Warner* provides six factors that courts should consider when determining whether it is appropriate to award attorney's fees. *See id.* at 1184. The factors to be considered include: (1) the merits of the unsuccessful party's claim or defense; (2) whether the case could have been settled and whether the unsuccessful party's efforts were superfluous in that effort; (3) whether assessing fees against the unsuccessful party would create extreme hardship; (4) whether the successful party obtained all the relief sought; (5) the novelty of the legal question presented and whether the claim or defense has previously been adjudicated; (6) and whether the award of attorney's fees in this case would discourage other parties with valid claims or defenses from litigating legitimate contract issues because those parties would be afraid of incurring liability for a large amount of attorney's fees. *Id.* No single factor is determinative, and the Court must weigh all factors when determining whether to award attorney's fees. *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987).

When weighing the above factors, the party requesting fees has the burden of proving entitlement. *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1991). However, "the party asserting financial hardship has the burden of coming forward with *prima facie* evidence of financial hardship." *Id.* In order for the Court to consider hardship when determining whether to award fees, the party opposing fees must present specific evidence of hardship by affidavit or testimony. *Id.*

When weighing the *Warner* factors enumerated above, the Court finds that factors one, three and four of *Warner* analysis tip the balance against awarding attorneys' fees in this

- 6 -

1  matter. First, Plaintiffs have presented specific evidence of extreme hardship. Plaintiffs
2  Espinoza and Arce-Mendez have provided sworn affidavits regarding their dire financial
3  situation. Mr. Espinoza has a yearly income of approximately $10,000 which he uses to
4  support himself as well as his wife and disabled son both of whom are unemployed. (Doc.
5  #184, Attach 1, Ex. 9.) Mr. Arce-Mendez has a yearly income of approximately $8,000
6  which he uses to support himself and his wife and four children all of whom are unemployed.
7  (Id., Ex. 10.) Both individuals attest to the fact that the remaining Plaintiffs with whom they
8  have worked as migrant farm workers for many years share the same financial hardship.
9  Indeed, another Plaintiff, Mr. Salazar, testified in his deposition that his two room home does
10 not have a roof, indoor toilet, or reliable electricity. (Id., Ex. 11.) Even dividing up fees and
11 costs as Defendants suggest amongst the eight Plaintiffs would force those individuals to pay
12 an amount more than they are likely to earn in a year. This is certainly a case where the
13 recovery of fees and costs would pose a severe and unwarranted economic hardship.

14 Furthermore, Defendants have not prevailed with respect to all of the relief sought in
15 this case. Several claims survived summary judgment, and Plaintiffs were able to secure a
16 settlement – a settlement which this Court will not allow to be swallowed by an award of
17 costs and fees. These factors when viewed in conjunction with Plaintiffs' economic situation
18 mitigate against awarding fees in this case. If the parties had intended otherwise, the onus
19 was upon them to provide for such as part of the settlement..

20 Conversely, the remaining three factors do not strongly favor awarding attorney's
21 fees. This Court sees no real reason that the lack of novelty of the legal question presented
22 here or the fact that a fees award would not discourage future contract litigation should
23 support Defendants' request for damages in this case. The Court finds such factors to be of
24 little import here where the other factors are so compelling. Furthermore, this Court finds
25 little evidence, given the exchange of correspondence between the parties on the issue of
26 settlement, Plaintiffs' purported difficulty in identifying the real actors in interest, and the
27 fact that several claims survived summary judgment, that the litigation could have been
28 avoided had Plaintiffs acted differently. Based on the above, the Court concludes that any

fee award is inappropriate and the consideration of the appropriateness of specific fees is therefore moot.

Accordingly,

**IT IS HEREBY ORDERED** denying Defendants' Motion for Attorneys' Fees and Costs (Doc. #182);

**IT IS FURTHER ORDERED** denying Defendants' Request for the Court to Order the Taxation of Costs (Doc. #187); and

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion for Rule 11 Sanctions (Doc. #190).

DATED this 27th day of March, 2009.

James A. Teilborg
United States District Judge